**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEBRA GRIFFITH,** *et al.*,

    **Plaintiffs,**

                                 **Civil Action 2:18-cv-81**
                                 **Judge Algenon L. Marbley**
  **v.**                           **Magistrate Judge Chelsey M. Vascura**

**MENARD, INC.,**

    **Defendant.**

**<u>OPINION AND ORDER</u>**

    This matter is before the Court for consideration of Defendant's Motion to Temporarily Stay Case Proceedings Pending Decision by the United States Supreme Court in *Epic Systems Corp. v. Lewis*, Case No. 16-285 (ECF No. 25), Plaintiff's Partial Objection to the Magistrate Judge's Order (ECF No. 34), Plaintiff's Supplemental Response to Their Memorandum in Opposition (ECF No. 42), and Defendant's Reply (ECF No. 46).   For the reasons that follow, the Court **GRANTS** Defendant's Motion to Temporarily Stay Case Proceedings.   (ECF No. 25.)

**I.**

    Plaintiffs filed their Complaint in this matter against Defendant Menard, Inc. on January 31, 2018, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and similar state statutes.   Specifically, Plaintiffs allege that Defendant failed to pay its hourly, non-exempt employees for all hours worked.   Plaintiffs filed this action as a collective action under 29 U.S.C. § 216(b) for the FLSA claims and as a class action under Rule 23 of the Federal Rules of Civil Procedure for the state-law claims.   Defendant alleges that many of the Plaintiffs and potential

opt-in plaintiffs entered into Employer/Employee agreements (the "Agreements") containing an individual arbitration clause, as well as class and collective action waivers. Defendant contends that all Plaintiffs who entered into the Agreements are precluded from pursuing an action in this Court and instead must pursue their claims through individual arbitration.

On February 22, 2018, Defendant filed the subject Motion, requesting: (1) that the Court stay proceedings in this case until the Supreme Court decides *Lewis v. Epic Systems, Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017); (2) that the relevant statutes of limitations be tolled; (3) that Defendant be granted an extension to file any responsive pleadings, motions to dimiss, and/or motions to compel arbitration until 21 days after the stay is lifted; and (4) that the Court preserve the Parties' procedural and substantive claims and defenses.

In *Epic Systems*, the Supreme Court is set to resolve the question of whether an agreement waiving class and collective proceedings, and requiring an employer and an employee to resolve employment-related disputes through individual arbitration, is enforceable under the Federal Arbitration Act. The Supreme Court heard oral arguments in *Epic Systems* on October 2, 2017. Defendant argues that the Supreme Court's decision will likely be dispositive of the issue presented in the subject Motion. Specifically, Defendant posits that a decision in *Epic Systems* will determine whether the Agreements at issue here are enforceable under the Federal Arbitration Act. If the Supreme Court finds such agreements are enforceable, as Defendant suggests is the case, Plaintiffs will be forced to pursue their claims via individual arbitration, rather than before this Court. Defendant therefore maintains that allowing this case to proceed prior to the decision in *Epic Systems* would increase the potential for "unnecessary expense by the parties, confusion among the plaintiffs and potential plaintiffs related to participation, and the use of court resources

2

on questions that may later be undone."   (Def.'s Mot. to Temporarily Stay Case Proceedings 5, ECF No. 25.)   In support of its argument, Defendant points to three companion cases in which this issue has already been resolved in favor of granting a temporary stay of proceedings.   *See Neal v. Menard, Inc.*, No. 3:17-cv-1614 (N.D. Ohio Oct. 24, 2017) (stay orally granted, ECF No. 33); *Bradley v. Menard, Inc.*, Case No. 2:17-cv-165 (S.D. Ind. Dec. 15, 2017) (stay granted, ECF No. 85); and *Santti v. Menard, Inc.*, 4:17-cv-1243 (N.D. Ohio Dec. 21, 2017) (stay granted, ECF No. 70).   In an effort to prospectively address arguments that the requested stay will cause undue prejudice, Defendant proposes that the Court equitably toll the relevant statutes of limitations and rule that the stay does not constitute waiver of any Parties' claims or defenses.

In their Response,[1]  Plaintiffs assert that a stay in this case would severely prejudice a certain sub-class of Plaintiffs and Putative Class Members.   Specifically, Plaintiffs posit that some potential opt-in plaintiffs and Putative Class Members (hereinafter the "Non-Arbitration Plaintiffs") did not sign arbitration agreements "thereby mooting the applicability of any decision in *Epic Systems*," and that under the FLSA, the statute of limitations would continue to run during any stay.   (Pls.' Resp. 2, ECF No. 34.)   *See also* 29 U.S.C. § 256 (providing that the statute of limitations shall run for plaintiffs not named in the complaint with accompanying, contemporaneous written consent until the "date on which such written consent is filed in the court in which the action was commenced").   In support of their position, Plaintiffs allege that it has come to their attention that "a universe of Plaintiffs and Putative FLSA Class Members did not

---

1.   Plaintiffs' response is consolidated from Plaintiff's Partial Objection to the Magistrate Judge's Order (ECF No. 34) and Plaintiffs' Supplementary Response to Their Memorandum in Opposition to Defendant's Motion to Temporarily Stay Case Proceedings (ECF No. 42).   (*See* ECF No. 36 ("The Court will consider Plaintiffs' Objection as a memorandum in opposition to Defendant's Motion.").)

sign an arbitration agreement," and that under established Sixth Circuit precedent, any class

waivers signed by the Putative Class Members would be unenforceable.   (*Id.* at 5 (citing *Hall v.*

*U.S. Cargo & Courier Serv. Inc.*, 2:16-cv-330, 2018 WL 1229710, at *3 (S.D. Ohio Mar. 9,

2018)).)   *See also Killion v. KeHE Distribs., LLC.*, 761 F.3d 574, 590-92 (6th Cir. 2014) (holding

that class waivers not including an arbitration agreement are unenforceable and invalid).   Finally,

Plaintiffs maintain that any stay granted should not apply to potential opt-in plaintiffs.   In support

of their position, Plaintiffs argue that "notice under Section 216(b) is to be issued early in the life

of a collective actions" so that potential opt-in plaintiffs have the opportunity to timely join the

action.   (Pls.' Resp. 2, ECF No. 34.)   Plaintiffs reason that staying this action would delay notice,

causing potential opt-in plaintiffs to lose their opportunity to learn of and timely join the action.

  In its Reply, Defendant presents three arguments.   Defendant first asserts that a stay of

these proceedings will prevent confusion and unnecessary expense, arguing that the outcome of

*Epic Systems* will directly impact this Court's determination of Plaintiffs' class status for the

purposes of conditional certification.   Defendant explains that the parties and the Court could

engage in efforts that would need to be undone if the Supreme Court holds the Agreements are

enforceable, thereby wasting resources and causing confusion among both existing plaintiffs and

potential opt-in plaintiffs.   In support of this argument, Defendant points to the three companion

cases, where the courts held that a stay is warranted in the interests of judicial economy and

efficiency.   *See Bradley*, No. 2:17-cv-165, at 14 ("A stay . . . is therefore in the interests of judicial

efficiency and justice."); *Santti*, No. 4:17-cv-1243, at 6 ("[S]taying the instant action will preserve

judicial resources by enabling the Court to appropriately decide the issue of the enforceability of

arbitration provisions based on the outcome of *Epic Systems* . . . ."); *Neal*, No. 3:17-cv-1614, at 4,

23-24 (granting stay "in the interest of judicial economy and efficiency").   Defendant next posits that the Putative Class Members will not suffer prejudice as the result of a stay because this Court can toll the statutes of limitations.   In support of this argument, Defendant points to *Robertson v. Simpson*, where the Sixth Circuit held that "[t]he doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"   624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000)).   Finally, Defendant submits that any stay in this case would be brief.   Defendant explains that the Supreme Court's final conference day for this term is June 21, 2018, and the final non-argument session is June 25, 2018.   Defendant suggests, therefore, that "a decision in *Epic Systems* is expected no later than June 25, 2018, and could certainly arrive much earlier."   (Def.'s Reply 5, ECF No. 46.)

## II.

A district court possesses the inherent power to stay proceedings based on its authority to "control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ."   *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (holding that "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")).   S*ee also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).   In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether

burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). *See also Ferrell v. Wyeth–Ayerst Labs., Inc.*, No. 1:01–cv–447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) ("There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy."). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III.

Applying the foregoing considerations, the Court is persuaded by Defendant's arguments that a temporary stay of the proceedings pending a decision by the Supreme Court is warranted.

Initially, the Court notes that Plaintiffs do not oppose a stay of proceedings as related to claims by Plaintiffs who signed the Agreements containing both the individual arbitrations clause and the class and collective actions waivers. Rather, Plaintiffs only oppose a stay of proceedings with respect to potential opt-in plaintiffs and the Non-Arbitration Plaintiffs who purportedly would not be bound by any decision in *Epic Systems*. For the reasons that follow, the Court finds there is good cause for a stay of proceedings as to all Plaintiffs and Putative Class Members in this case. Accordingly, the Court does not reach the question of whether any class or collective action waivers not containing arbitration agreements would be bound by a decision in *Epic Systems*,.

Acknowledging that the Supreme Court's decision in *Epic Systems* is very likely to resolve an issue that is central to this case, the Court is persuaded that a stay is warranted. The Court first notes that this case cannot be properly disposed of, in its entirety, without a decision in *Epic*

*Systems*.   As discussed above, the Supreme Court is set to resolve the question of whether agreements such as those at issue here are valid and enforceable.   The enforceability of the Agreements is central to this case, as it directly relates to this Court's jurisdiction over Plaintiffs' claims.   Because this Court has jurisdiction over Plaintiffs' claims only if the Supreme Court finds such Agreements are invalid, to take any action before the issue is resolved could require the Court to undo significant efforts undertaken in the interim.   In addition, the Supreme Court's decision in *Epic Systems* would preclude the parties from disputing the enforceability of the Agreements, thereby simplifying the issues before this Court.   The Court therefore finds that the first and fourth factors weigh heavily in favor of granting a stay.

The current stage of the litigation further persuades the Court that a stay is warranted. Plaintiffs will likely soon be seeking conditional class certification.   (*See* Pls.'s Resp. 2, ECF No. 34.)   If the Court were to conditionally certify a class, which would necessarily include all classes of Plaintiffs, there is a substantial risk that the Supreme Court's decision in *Epic Systems* will require at least a portion of that effort to be undone.   Even in the event this Court were to allow only the Non-Arbitration Plaintiffs to proceed, the Court and the Parties could then be forced to engage in duplicative efforts to recertify the class should the *Epic Systems* decision render the Agreements invalid.   Significantly, a temporary stay at this stage of the litigation could directly reduce the burden of the litigation on both the Parties and the Court.   Moreover, the reduced burden would not only impact the *time* expended by the Parties and the Court, but also the *costs* of litigation for the Parties.   The Court therefore finds that the second factor also weighs heavily in favor of granting a stay.

The question of whether the non-moving party will be unduly prejudiced or tactically

7

disadvantaged is perhaps the most significant factor in determining whether to issue a stay. *See E.M.A. Nationwide, Inc.*, 767 F.3d at 628 (finding that when determining whether to issue a stay in a civil case in the face of pending criminal charges "[t]he most important factor is the balance of the hardships").  On this point, Plaintiffs contend that the potential opt-in plaintiffs and Non-Arbitration Plaintiffs would be severely prejudiced if this Court were to issue a stay. Specifically, Plaintiffs maintain that (1) the delay will burden Non-Arbitration Plaintiffs because the *Epic Systems* decision will not impact their claims, and (2) the statute of limitations under the FLSA would continue to run as against any Putative Class Members who have not yet opted in to the action.

With respect to any prejudice due to delay, the Court finds—as discussed above—that the interests of both judicial economy and the burden on the parties outweigh any prejudice due to a temporary delay.  Further, the Court finds, as Defendant points out, that any delay attributable to a stay is likely to be brief given that the Supreme Court is likely to issue a decision in *Epic Systems* in June 2018.

With respect to the statutes of limitations, the Court acknowledges that, far more than a slight delay, allowing the statutes of limitations to run could potentially preclude some plaintiffs from being able to pursue a claim against Defendant.  In an attempt to prevent such prejudice, Defendant proposes that the Court toll the statutes of limitations under the FLSA and the applicable state statutes.  Plaintiffs fail to address Defendant's proposed solution.

The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Bade-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

8

The decision of whether to invoke the doctrine is within the sound discretion of the trial court.   *Id.* Although the Court has the authority to toll the statute of limitations under the FLSA, "[m]ost District Judges in this circuit have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court."   *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1046 (S.D. Ohio 2018) (collecting cases).   However, in *Brittmon* and the cases cited therein, the question of whether to toll the statute of limitations as to potential opt-in plaintiffs was raised on motion *by the plaintiffs*.   Here, *Defendant* is the party proposing that the statues of limitations be tolled to prevent any prejudice potential plaintiffs may face.   Given that Defendant is the party proposing tolling and Plaintiffs make no objection, the Court finds that the statutes of limitations in this case are tolled in the interest of justice and fairness.   Because the statutes of limitations are tolled, any potential opt-in plaintiffs who have not yet filed their written consent will not be prejudiced by a stay.   Accordingly, this factor likewise weighs in favor of granting a stay.

## IV.

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Temporarily Stay Proceedings.   (ECF No. 25.)   The Court hereby orders:

(1) All proceedings in this case are **STAYED** until the Supreme Court issues its decision in *Lewis v. Epic Systems, Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017), or otherwise disposes of that case.

(2) The statutes of limitations under the FLSA and the applicable state statutes as to any Putative Class Members are tolled from the date of this Order to the date on which the Supreme Court issues its decision in *Epic Systems* or otherwise disposes of that case.

(3) Defendant shall file any responsive pleadings, motions to dismiss, and/or motions to compel arbitrations **within 21 DAYS** after this stay is lifted.

(4) All Parties' procedural and substantive claims and defenses are preserved.

    **IT IS SO ORDERED**.

                                   /s/ *Chelsey M. Vascura*
                                   CHELSEY M. VASCURA
                                   UNITED STATES MAGISTRATE JUDGE