**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEBRA GRIFFITH,** *et al.*, | : | |
| | : | **Case No. 2:18-cv-0081** |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **MENARD, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter is before the Court on the Parties' Joint Motion to Transfer Under 28 U.S.C. § 1404 and Stipulation of the Parties Related to Conditional Certification. (ECF No. 73). The parties seek: (1) the transfer of this action to the U.S. District Court for the Northern District of Ohio, Western Division; and (2) an order approving the stipulations of the parties relative to conditionally certifying a collective action and dismissing certain plaintiffs' claims without prejudice. The Joint Motion is hereby **GRANTED.** In the interests of judicial economy and for the efficiency of the parties, the Court **ORDERS** as follows:

1. Any claims for unpaid breaks pending in this action are hereby **DISMISSED WITHOUT PREJUDICE**; any opt-in plaintiffs in this action who have claims for unpaid breaks and are subject to the class in *Christian Raisor, et al. v. Menard, Inc.*, Case No. 3:18-cv-00314, U.S. District Court, Northern District of Ohio, Western Division may join the already conditionally-certified class in *Raisor* as directed by that Court without prejudice to their original opt-in date in *Griffith* for statute of limitations purposes.

2. The Court **APPROVES** the conditional class of plaintiffs in *Griffith*, which the parties have agreed to, consisting of:

All present and former hourly employees who worked or are working at Menards retail home improvement stores and/or distribution centers throughout the United States from January 31, 2015 to the present, participated in in-home training without compensation, who worked 40 or more hours per workweek including any time spent in in-home training, and whose employment agreement does not contain a class or collective action waiver.

3.     Any plaintiffs in *Griffith* who are subject to an arbitration agreement with Menard that contains a class/collective action waiver are **DISMISSED WITHOUT PREJUDICE.**  The original opt-in date of each such dismissed plaintiff in *Griffith* will toll the applicable statute of limitations for any such claims for a period of ninety (90) days following dismissal without the need to file an arbitration demand, subject to any joint extension of the parties.

4.     Named Plaintiff Debra Griffith will continue to act as the Named Plaintiff in a nominal capacity.  Plaintiff, through counsel, will select a suitable substitute named plaintiff in light of the stipulated conditional class and dismiss Plaintiff Griffith pursuant to Paragraph 3, above, within the ninety (90) day tolling period set out above.

5.     This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Ohio, Western Division pursuant to 28 U.S.C. §1404(a).

6.     The parties will notify the transferee Court of the relationship of this action to *Raisor*.  The manner of class notice and consent to join the conditional class in this case shall be determined by the transferee Court following the transfer of the case.

7.     Nothing herein prevents or prejudices the Defendant's ability or right to defend any claims herein, and in the future, to move for decertification of the conditionally-certified class herein, or file a motion on an issue other than conditional certification, that takes the position that Plaintiffs therein are not similarly situated.

**IT IS SO ORDERED.**

  **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 10, 2018**