IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Debra Griffith, et al.,                                      Case No. 3:18 CV 2074
*Individually and on behalf of all others*
*Similarly situated*,                                      FINAL JUDGMENT APPROVING
                                                                        <u>FEDERAL CIVIL RULE 23 CLASSES</u>
                                                Plaintiffs,
                                                                        JUDGE JACK ZOUHARY

                              -vs-

Menard, Inc.,

                                                Defendant.

Plaintiffs Debra Griffith, et al. and Defendant Menard, Inc., entered into a Settlement Agreement dated October 16, 2019 (the "Agreement").

On November 8, 2019, this Court entered an Order (Doc. 222) that, among other things: (a) preliminarily certified, under Federal Rule of Civil Procedure 23, a class action for the purposes of settlement only; (b) approved the form of notice to Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Class; and (d) set a hearing date for settlement Fairness Hearing.

The notice to the Class ordered by this Court in its Order has been provided, as attested to in the Declaration of Lisa Pavlik, Senior Project Manager for Rust Consulting, Inc. (Doc. 226-1).

On February 14, 2020, this Court held a hearing on whether the settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class. The hearing date was an appropriate number of days after notice to the Class.

This Court reviewed and considered the submissions presented with respect to the settlement set forth in the Agreement and the record in these proceedings.  After considering the evidence presented by the parties and the argument of counsel, this Court determines that the settlement set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Class.

This Court finds as follows:

1.      This Court incorporates by reference the definitions set forth in the Agreement.

2.      This Court has personal jurisdiction over all Plaintiffs, Class Members, and has subject matter jurisdiction over all claims asserted in the Second Amended Complaint.  In addition, venue in the Northern District of Ohio is proper.

3.      The Agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the Class.  The Agreement is binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Agreement and the Release maintained either by or on behalf of Plaintiffs and all other Class Members, as well as their past, current, and future heirs, representatives, executors, administrators, attorneys, predecessors, successors, and assigns.

4.      The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:

(a)      Constituted the best practicable notice, under the circumstances;

(b)      Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;

(c)      Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

2

(d)  Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a Class Member may enter an appearance through an attorney if the member so desires; that this Court will exclude from the Class any Member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on Members under Rule 23(c)(3).

5.  For settlement purposes only, the Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23.

6.  The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including meaningful discovery, motion practice and additional merits discovery, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a)  the strength of Plaintiffs' case;

(b)  the risk, expense, complexity and likely duration of further litigation;

(c)  the risk of litigation through trial;

(d)  the amount offered in settlement;

(e)  the extent of discovery completed, and the stage of the proceedings;

(f)  the experience and views of counsel; and

(g)  the reaction of the Class Members to the proposed settlement.

7.  Class Counsel and Plaintiffs adequately represented the Class for purposes of entering into and implementing the settlement.

8.  Class Counsel's requested fees and expenses under the Agreement, and as set out in their Unopposed Motion for Fees and Costs (Doc. 227), are fair and were reasonably and necessarily incurred.

9.     The Service Awards for the Recipients, as set forth in the Joint Motion for Final Approval of Rule 23 Class Action Settlement (Doc. 226 at 14), are approved and shall be allocated among the recipients as follows: Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($3,750.00) to Plaintiff Debra Griffith to compensate her for her unique services in initiating and/or maintaining this litigation and Two Thousand Dollars and Zero Cents ($2,000.00) to the remaining representative Plaintiffs to compensate them for their services in maintaining this litigation.

10.     Nothing relating to this Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Defendant Releasees of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the Class Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in the parties' Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or Defendant Releasees.

11.     In consideration of the Settlement Payments, and for other good and valuable consideration, each of the Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Agreement, shall have covenanted not to sue Defendant with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claims against Defendant or Defendant Releasees.

12.     All Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is in any way related to the lawsuit and the Released Claims.

13.     This Court retains jurisdiction over all proceedings arising out of or related to the Agreement.

14.     This lawsuit is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Agreement.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 18, 2020